The Honorable Brenda Gullett State Senator 28 Longmeadow Pine Bluff, AR 71603
Dear Senator Gullett:
You have requested an Attorney General opinion concerning the hiring of off-duty police officers to serve subpoenas. I am issuing the following opinion in response to your request.
Your question is:
 Does A.C.A. § 14-52-202 prevent a city council from making alternate arrangements which would allow a city attorney to hire off-duty police officers, who have been deputized by the county sheriff, to serve subpoenas for cases the city attorney is required to prosecute?
RESPONSE
It is my opinion that the provisions of A.C.A. § 14-52-202 do not prohibit the arrangement you have described.
The provisions of A.C.A. § 14-52-202 deal with the powers and duties of police chiefs in cities of the first class.
The statute states:
 (a) The chief of police in cities of the first class shall execute all process directed to him by the mayor and shall, by himself or by someone else on the police force, attend on the sitting of the police court to execute its orders and preserve order therein.
 (b)(1) The chief of police shall have power to appoint one (1) or more deputies from the police force, for whose official acts he shall be responsible, and by whom he may execute all process directed to him.
 (2) He shall have power, by himself or by deputy, to execute all such process in any part of the county in which the police court is situated or in which the municipal court has jurisdiction.
 (3) For serving city warrants only, the chief of police or his deputies shall be entitled to the fees allowed to the sheriffs under § 21-6-307
for similar services in similar cases.
 (4) All fees collected by the police chief and his deputies for similar services shall be paid over to the city treasury.
 (c) It shall be the chief of police's duty to suppress all riots, disturbances, and breaches of the peace. To that end he may call upon the citizens to assist him to apprehend all persons in the act of committing any offense against the laws of the state or the ordinances of the city, and he shall bring them immediately before the proper authority for examination or trial.
 (d) The chief of police shall have power to pursue or arrest any person fleeing from justice in any part of the state and to receive and execute any proper authority for arrest and detention of criminals fleeing or escaping from any other place or state.
 (e) The chief of police shall have, in the discharge of his proper duties, like powers, and shall be subject to like responsibilities as sheriffs and constables in similar cases, and shall be required by the city council to give a bond for the faithful performance of his duties, in such sum as such council may require.
A.C.A. § 14-52-202.
Although the above-quoted statute does empower the chief of police and his deputies to serve subpoenas, its provisions are not exclusive and do not prohibit other parties from also being empowered to serve subpoenas.[1]
The issue of the service of subpoenas is addressed in A.C.A. §16-43-212. That statute empowers prosecuting attorneys[2] to issue subpoenas, and goes on to state: "The subpoena provided for in subsection (a) of this section shall be served in the manner as provided by law[.]" A.C.A. § 16-43-212(b) (emphasis added). It is therefore necessary to consider all provisions in the law concerning the service of subpoenas.
The only provision that specifically addresses the service of subpoenas appears in Rule 45 of the Arkansas Rules of Civil Procedure. Rule 45 states the following concerning who may serve subpoenas:
 (c) Service. A subpoena for a trial or hearing or for a deposition may be served at any place within this State in the manner prescribed in this subdivision. A subpoena for a trial or hearing or for a deposition may be served by the sheriff of the county in which it is to served, by his deputy, or by any other person who is not a party and is not less than eighteen (18) years of age. Service shall be made by delivering a copy of the subpoena to the person named therein; provided, however, that a subpoena for a trial or hearing may be served by telephone by a sheriff or his deputy when the trial or hearing is to be held in the county of the witness' residence. A subpoena for a trial or hearing or for a deposition may also be served by an attorney of record for a party by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or agent of the addressee.
Rule 45(c), Ark. Rules Civ. P.
It is my opinion, for the reasons discussed below, that it is appropriate to apply Rule 45 of the Arkansas Rules of Civil Procedure to criminal proceedings.
First, the language of A.C.A. § 16-43-212, quoted previously, appears to refer to any source of law concerning the service of subpoenas, and does not restrict that reference to criminal laws only.
Second, the historical precedent is to apply civil rules concerning the summoning of witnesses to testify in criminal proceedings. The provisions of A.C.A. § 16-43-211 (which is part of a set of laws that governed criminal proceedings prior to the adoption of the rules of criminal and civil procedure) specifically mandated application of "the Code of Practice in Civil Cases" to the summoning of witness to testify in criminal proceedings. My predecessor opined that this historical precedent provides a reasonable basis upon which to conclude that Rule 45 of the Arkansas Rules of Civil Procedure should govern the service of subpoenas upon witnesses in a criminal proceeding. See Op. Att'y Gen. No. 91-301.
This conclusion is further bolstered by the fact that the provision of the Arkansas Rules of Criminal Procedure concerning the service of summons upon defendants similarly incorporates civil procedure, stating:
Criminal summons may be served by:
(a) any method prescribed for personal service of civil process; or
 (b) certified mail, for delivery to addressee only with return receipt requested.
Rule 6.3, Ark. Rules Crim. P.
For all of the foregoing reasons, I conclude that Rule 45 of the Arkansas Rules of Civil Procedure should govern the service of subpoenas upon witnesses in criminal proceedings. Under Rule 45, subpoenas clearly may be served by off-duty police officers who have been hired by the city to carry out such service.[3]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It is my understanding that the proposed alternative is to hire these off-duty police officers, not in their capacity as police officers (because they are off-duty), but rather, as independent contractors.
[2] City attorneys are deemed to be prosecuting attorneys and therefore fall within the provisions of A.C.A. § 16-43-212. See Rule 1.6(b)(ii), Ark. Rules of Crim. P.
[3] I note that you mention that these off-duty police officers have been deputized by the sheriff. This factor is irrelevant to the conclusions that are stated in this opinion.